In the matter of the estate of WILLIAM J. ROESSLER, deceased.

[Submitted February term, 1932. Decided May 16th, 1932.]

*Mr. James J. McGoogan,* for the appellant Updike-Kennedy Company, Incorporated.

*Mr. Samuel D. Lenox,* for the respondent George H. Webb.

The opinion of the court was delivered by

KAYS, J.

This is an appeal of the Updike-Kennedy Company from a decree entered in the prerogative court advised by Vice-Ordinary Buchanan. The administrator of the estate in this case filed his account in the orphans court of the county of Mercer, which account was excepted to by the claimant, the said Updike company, which is the appellant here. Exceptions were sustained by the orphans court and the administra-

tor, *cum testamento annexo,* under the decree of that court, was directed to restate his account by striking therefrom all items he claimed allowance for, amounting to $17,071.84. The administrator appealed to the prerogative court and that court modified the order of the orphans court. The present appeal is taken by the said Updike-Kennedy Company from the decree of the prerogative court on the ground that the modification ordered by the prerogative court is without warrant of law.

The situation disclosed by the proofs in the case is as follows: William J. Roessler died testate on July 3d, 1928, and left all his property to his wife, who predeceased him. George H. Webb was appointed administrator *cum testamento annexo* by the orphans court. Webb, after being appointed administrator called together most of the creditors, of which the appellant here was one, and talked over the matter of carrying the real estate and completing some unfinished buildings and continuing the payments on those properties under contract for purchase, until such time as the real estate could be profitably disposed of. He then sold the personal property and entered into an agreement with the heirs to take title to the real estate as trustee. The personal estate amounted to about $3,500. At the same time the trust deed was executed to Webb, an agreement was also executed which specified the trusts under which the deed was delivered. Webb thereupon sold part of the real estate and used the proceeds of the sale, together with certain rents, issues and profits, for the payment of interest on mortgages, taxes and expenses connected with the maintaining of the buildings on lands conveyed to him. However, part of the money was used for the payment of claims of creditors.

The vice-ordinary held that moneys which come into the hands of Webb from the sale of real estate and the rents collected therefrom constituted no part of the fund to be used by Webb as administrator *cum testamento annexo.* He further held that the lands of the decedent could not be appropriated by the administrator to the payment of debts due to creditors unless the personal estate was insufficient to pay

the same, and that even in such a situation the administrator could not appropriate the lands for such purposes unless a proper application was made by him to the orphans' court. authorizing a sale. The vice-ordinary also decided that all moneys which came to Webb as a result of the conveyance or which arose from the real estate, were held by Webb as trustee and should be used only for the purposes embraced in the trust agreement unless an order was obtained from the orphans. court directing a different application of the fund. The vice-ordinary, therefore, directed a restatement of the account showing the amount of the personal property and the amount of the debts due to creditors and that as the personal estate was insufficient to pay the debts, application should be made to the court for the sale of lands to pay debts. He further provided that the accounting which was directed by the decree of the prerogative court should not operate to bar any defense which the administrator might have against the claim of the Updike company, which claimed to be one of the creditors.

There is nothing in this case before us which indicates the provisions of the will of the decedent except a statement in the brief of the respondent to the effect that the executrix was the wife of the decedent, predeceased him, and that the executrix had power of sale under the will. If this be so it evidently was not proved before the vice-ordinary and it does not appear in the record before us. Had these matters been proved before the vice-ordinary the decree of the prerogative court probably would have been different.

We are, therefore, of the opinion that the decree of the prerogative court should be affirmed except as to that portion thereof which directs the administrator, "to file the statutory petition in the Mercer county orphans court which is proper in the case of an estate where the personal property is insufficient to pay the debts of the decedent." In this particular it may not be necessary to file such a petition if the will makes provision therefor. As to this matter the case will be sent back for further consideration.

*For affirmance with modification*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, CAMPBELL, LLOYD, CASE, BODINE, DONGES, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, KERNEY, JJ. 14.